UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO KALAW,<br><br>    Plaintiff,<br><br> v.<br><br>RAMONA CONVENT SECONDARY SCHOOL, et al.,<br><br>    Defendants. | Case No. CV 14-6942 JAK (SSx)<br><br>**MEMORANDUM AND ORDER**<br><br>**RE PROPOSED STIPULATED**<br><br>**PROTECTIVE ORDER**<br><br>**[Dkt. No. 33]** |

  The Court has received and considered the parties' "Stipulated Protective Order (the "Proposed Order"). (Dkt. No. 33). The Court cannot adopt the Proposed Order as stipulated to by the parties. The parties may submit a revised stipulated protective order, but must correct the following deficiencies:

  Although the parties purport to "acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery" (Proposed Order at 1), the Proposed Order does not describe with particularity the items to be protected or

1 any specific privilege that applies to these items. Rather,
2 conformity with the Proposed Order requires only that a
3 "CONFIDENTIAL" legend be affixed to designated information and
4 materials. (Id. at 4-5). In addition, the Proposed Order would
5 confer protections on information and items "that might reveal
6 Protected Material." (Id. at 3) (emphasis added). However, the
7 parties do not identify any grounds that would justify imposing
8 confidentiality on such a broad and unspecified range of
9 information and documents. Accordingly, the Proposed Order is
10 overbroad. Documents to be protected should be described with
11 specificity and the harm from disclosure should be identified.

13    In the alternative, if the parties seek a "blanket"
14 protective order, then the stipulation must state the
15 justification for this type of protective order. See Blum v.
16 Merrill Lynch Pierce Fenner & Smith, Inc., 712 F.3d 1349, 1352
17 n.1 (9th Cir. 2013) (defining a "blanket" protective order as an
18 order that is obtained without "making a particularized showing
19 of good cause with respect to any individual document") (citing
20 Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1138 (9th
21 Cir. 2003)); Perry v. Brown, 667 F.3d 1078, 1086 (9th Cir. 2012)
22 (blanket protective orders often cover materials that would not
23 qualify for protection if subjected to individualized analysis).

25    In addition, parties are required to show "good cause" for a
26 protective order. The Proposed Order fails to include an
27 adequate statement of good cause. See Foltz, 331 F.3d at 1130
28 (court's protective order analysis requires examination of good

cause) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002)). Federal Rule of Civil Procedure 26(c) requires a "particularized showing" of good cause in order for the court to enter a protective order. Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (internal citations omitted); see also Fed. R. Civ. P. 26(c). There is no automatic right to file documents under seal. To the contrary, there is a "strong presumption in favor of [public] access to court records." Foltz, 331 F.3d at 1135.

In any revised stipulated protective order, the parties should include a statement demonstrating good cause for entry of a protective order pertaining to the specific documents, materials or information described in the order. The paragraph containing the statement of good cause should be preceded by the heading "GOOD CAUSE STATEMENT." The Good Cause Statement should be edited to discuss information that applies to the instant case, specifying any privilege or privileges being invoked and the harm or prejudice that would result from the disclosure of confidential information likely to be produced, assuming no protective order is entered. See Foltz, 331 F.3d at 1130 ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.").

The Court further cautions that any party seeking to file material under seal must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and the

undersigned Magistrate Judge, including any procedures adopted under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents.  Parties may not agree to file all confidential documents under seal, without court approval.

All future discovery documents shall include the following in the caption: "[**Discovery Document: Referred to Magistrate Judge Suzanne H. Segal**]."  The Court's website (see http://www.cacd.uscourts.gov) contains additional guidance regarding protective orders and a sample protective order.  This information is available in Judge Segal's section of the link marked "Judges' Procedures & Schedules."  The parties may submit a revised Stipulation and [Proposed] Protective Order for the Court's consideration.

IT IS SO ORDERED.

DATED: September 14, 2015

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

4